UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHERINE RODRIGUEZ DIAZ, SALIN SOLIS, and ELEAZAR GONZALEZ MORALES, on behalf of themselves and others similarly situated,<br><br>                              Plaintiffs,<br><br>    -against-<br><br>PRESTO FRESH CAFE CORP. d/b/a PRESTO FRESH CAFE, PRESTO FRESH MEXICAN GRILL CORP. d/b/a PRESTO FRESH MEXICAN GRILL, and EDWIN BENAVIDES,<br><br>                              Defendants. | **COMPLAINT**<br><br>**20-cv- (2432) (   )(   )**<br><br>**ECF Case** |

Plaintiffs, KATHERINE RODRIGUEZ DIAZ, SALIN SOLIS, and ELEAZAR GONZALEZ MORALES, on behalf of themselves and others similarly situated employees of Defendants, ("Plaintiffs"), by their attorneys, Law Office of Emiliano Perez and The Rose Law Group PLLC, complains of Defendants PRESTO FRESH CAFE CORP. d/b/a PRESTO FRESH CAFE, PRESTO FRESH MEXICAN GRILL CORP. d/b/a PRESTO FRESH MEXICAN GRILL, and EDWIN BENAVIDES, (collectively referred to herein as "Defendants"), as follows:

## PRELIMINARY STATEMENT

1: This action is brought to recover for unpaid overtime wages earned by Plaintiffs and those similarly situated as non-managerial employees of Defendants who work or worked at restaurants owned, operated, and managed by the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2: Plaintiffs further complain on behalf of themselves and all other similarly situated current and former non-managerial employees of Defendants who worked as cashier s or in other similar positions or titles pursuant to 29 U.S.C. §216(b), that they are owed additional wages from Defendants for their failure to pay at the minimum hourly rate, for overtime

premium, and for spread of hours, as well as for illegally deducted wages pursuant to the New York Labor Law §650 *et seq*. and the New York Labor Law §190 *et seq*. (hereinafter collectively referred to as the "NYLL") as well as the Wage Order for the Hospitality Industry, 12 N.Y.C.R.R. §146 and formally the Minimum Wage Order for the Restaurant Industry, 12 N.Y.C.R.R. §137.

3: Plaintiffs also claim that they were not provided the proper notices and statements under New York Labor Law §§ 190 *et seq*.

4: Plaintiff RODRIGUEZ DIAZ also complains pursuant to the New York City Human Rights Law, New York City Administrative Code § 8-107 et seq ("NYCHRL") seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of being discriminated against and sexually harassed on the basis of her gender and retaliated against after complaining about being sexually harassed.

## JURISDICTION AND VENUE

5: Plaintiffs invokes the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. §216 and 28 U.S.C. §1331, and the supplemental jurisdiction pursuant to 28 U.S.C. §1367, in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

6: The venue of this action is proper pursuant to 28 U.S.C. §1391(b) because the events or omissions giving rise to the claims occurred primarily within, and Defendants conduct business within, the Southern District of New York.

## PARTIES

7: At all times relevant, Defendants were covered by the FLSA and the NYLL.

8: Defendants are an enterprise that own, manage, and operate two restaurants, one known as PRESTO FRESH CAFE, located at 559 Malcolm X Blvd, New York, NY 10037, and the other one known as PRESTO FRESH MEXICAN GRILL, located at 429 W 125th St, New York, NY 10027 (collectively referred herein as the "restaurants").

9: Defendant PRESTO FRESH CAFE CORP. d/b/a PRESTO FRESH CAFE, (referred herein as "PRESTO FRESH CAFE"), is a domestic business corporation organized and existing pursuant to the laws of the State of New York and owns, manages, and operates the restaurants. At all relevant times, defendant PRESTO FRESH CAFE was Plaintiffs' employers within the meaning of FLSA and the NYLL.

10: Defendant, PRESTO FRESH MEXICAN GRILL CORP. d/b/a PRESTO FRESH MEXICAN GRILL, (referred herein as PRESTO FRESH MEXICAN GRILL) is a domestic business corporation organized and existing pursuant to the laws of the State of New York and owns, manages, and operates the restaurants. At all relevant times, defendant PRESTO FRESH MEXICAN GRILL was Plaintiffs' employer within the meaning of FLSA and the NYLL.

11: Defendant BENAVIDES is a natural person and an officer, owner, principle, and/or agent of the Defendant corporations and owns, manages, and operates the restaurants. At all relevant times, she was Plaintiff's employer within the meaning of FLSA and the NYLL.

12: At all relevant times, Defendants jointly employed Plaintiffs and constituted a single enterprise and joint employer.

13: At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. §203(b).

14: Defendants, who perform related activities for a common business purpose, are an

enterprise whose gross annual volume of sales for the past three years was not less than $500,000, exclusive of sales taxes.

15: Plaintiff RODRIGUEZ DIAZ is an adult individual residing in Queens County, New York. Plaintiff RODRIGUEZ DIAZ was employed by Defendants as a cashier at the restaurants since on or about February of 2019 to on or about January of 2020.

16: Plaintiff SOLIS worked as a deliveryman and kitchen helper from on or about January of 2018 to on or about January of 2019.

17: Plaintiff GONZALEZ MORALES worked as a deliveryman and kitchen helper from on or about June of 2018 to on or about May of 2019.

## COLLECTIVE ACTION ALLEGATIONS

18: At all relevant times, Plaintiff and all similarly situated employees were engaged in commerce within the meaning of 29 U.S.C. §203(b).

19: While class certification pursuant to FRCP Rule 23 is not required for an FLSA collective action, defining the class of eligible FLSA Plaintiffs is useful, as the Court will be asked to order Defendants to produce the names and addresses and other information of potential opt-in Plaintiffs.

20: The class of eligible opt-in Plaintiffs consists of all persons who worked for Defendants as cashiers, cooks, and deliverymen at any time from three (3) years prior to the filing of this case, to entry of judgment in this case (the "Class" and "Class Period," respectively).

21: Although the precise number of putative class members is unknown, and facts upon which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over fifteen (15) members of the Class who worked for Defendants within the Class Period.

22: There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including whether Defendants failed to compensate employees at the minimum wage for all time worked and whether each employee was paid overtime in weeks when they worked over forty (40) hours.

23: Plaintiffs' claims are typical of the claims of the Class. Plaintiffs will fairly and adequately protect the interests of the Class.

24: A collective action is superior to other methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

25: Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

26: At all times relevant to this action, Plaintiff and other Class Plaintiffs were employed by Defendants within the meaning of the FLSA.

27: At all times relevant to this action, Defendants transacted and transacts commerce and business in excess of $500,000.00 annually or has revenues in excess of $500,000.00 annually, for all applicable periods in question. Further, Plaintiffs were directly involved in interstate commerce.

28: At all times relevant to this action, Defendants willfully failed to pay all Plaintiff and other Class Plaintiffs for time which Class Plaintiffs are required to be at work and ready to work and performing work in violation of the FLSA. Plaintiffs were also not paid the overtime

premium for hours worked in excess of forty (40) each week. Furthermore, Plaintiffs were not paid an extra hour's pay for days that Plaintiffs worked 10 hours or more.

29: At all times relevant to this action, due to Defendants' FLSA violations, Plaintiff and other Class Plaintiffs are entitled to recover from Defendants their unpaid wages, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §216(b).

## FACTUAL ALLEGATIONS

30: Defendants have maintained a common policy and practice of, *inter alia*: (1) not paying the minimum hourly rate; (2) not paying employees for all hours worked; (3) not paying rates of one and one-half times the regular rate of pay for work in excess of 40 hours a week; (4) not paying spread of hours premium pay for work in excess of 10 hours a day; and (5) failing to give their employees proper wage notices.

31: Plaintiffs were employed by Defendants as cashiers, cooks, deliverymen, etc. at both restaurants.

32: Plaintiff RODRIGUEZ DIAZ, who was a cashier, from 9:30 a.m. 4:00 p.m. Monday through Saturday at PRESTO FRESH CAFÉ and from 4:15 p.m. to 9:00 p.m. Wednesdays at PRESTO FRESH MEXICAN GRILL.

33: Defendants would pay Plaintiff RODRIGUEZ DIAZ on the books for a portion of the hours worked and off the books for the remaining portion of hours worked. Plaintiff RODRIGUEZ DIAZ was paid by direct deposit for the first 20 hours she worked and then in cash or by personal check for any hours past 20 off the books.

34:  Plaintiff RODRIGUEZ DIAZ was paid $13.50 per hour, including any hours worked over 40, until her last week of work when she paid $14.50 per hour instead of !3.50 per

hour.

35: Plaintiffs SOLIS, who worked about 50% of the time making deliveries and 50% of the time working in the restaurant, would work from 12:00 p.m. to 11:00 p.m. or 12:00 p.m., six days a week. However, he was only paid until the restaurant closed at 9:00 p.m. HE was not compensated at all for the extra time he stayed cleaning after the restaurant closed.

36: Plaintiffs GONZALEZ MORALES, who worked about 50% of the time making deliveries and 50% of the time working in the restaurant, would work from 12:00 p.m. to 10:00 p.m. or 11:00 p.m., six days a week. However, he was only paid until the restaurant closed at 9:00 p.m. HE was not compensated at all for the extra time he stayed cleaning after the restaurant closed.

37: Defendants would pay Plaintiffs SOLIS and GONZALEZ MORALES only in cash and they never received any wage statements. They were paid $420.00 weekly regardless of the hours worked.

38: Furthermore, Plaintiffs SOLIS and GONZALEZ MORALES were forced to sign a document each week before getting paid stating that they only worked 54 hours a week instead of the 60 to 72 hours actually worked. In addition, they were not given any copies of these documents that they were forced to sign.

39: Plaintiffs were not compensated for all hours that they worked, were not paid time and half for any hours worked in excess of forty, and were not paid an extra hour's pay for any day that they worked over ten hours.

40: Plaintiffs did not receive copies of their paystubs and were not never given written notice their hourly wage, including any increases.

    i. Defendants failed to give their employees proper notice of the tip credit as required by 29 U.S.C. § 203(m) and 12 NYCRR §§ 146-1.3 and -2.2.

    ii. Defendants failed to keep adequate records of the amount of tips received by their employees as required by 29 U.S.C. § 211 and 12 NYCRR § 146-2.1(a)(9).

    iii. Defendants failed to provide their employees with wage statements specifying the amount of tip credit deducted from their wages as required by 29 U.S.C. § 203(m) and 12 NYCRR § 146-2.3.

    iv. Upon information and belief, the required posters and notices regarding wage and hour laws were not posted and there was no notice provided to employees regarding their rights under the FLSA or the NYLL as well as 12 NYCRR §§146-2.2 and §146-2.4.

    **v.** Defendants failed to keep adequate records of the amount of hours worked, the occupational classification, and the wage rate of their employees as required by U.S.C. §211 and 12 NYCRR §146-2.1.

41: On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiff should be tolled due to the failure to provide appropriate and required notice of the law.

42: On or about December 18, 2019, at the end of Plaintiff RODRIGUEZ DIAZ' shift, Defendant BENAVIDES offered her a ride to the subway station in his car. Plaintiff RODRIGUEZ DIAZ accepted.

43: Plaintiff RODRIGUEZ DIAZ and Defendant BENAVIDES then walked to Defendant's car that was parked in front of the restaurant.

44: During the ride, Defendant BENAVIDES told Plaintiff RODRIGUEZ DIAZ that he liked her and that he felt there was chemistry between them. He then asked her if she felt the same way.

45: Defendant BENAVIDES further told Plaintiff RODRIGUEZ DIAZ that he was nervous because it was the first time, he was doing something like that, that he was married and that their relationship could be beneficial to Plaintiff RODRIGUEZ.

46: Plaintiff RODRIGUEZ DIAZ responded to Defendant BENAVIDES by telling him that he was mistaken.

47: Plaintiff RODRIGUEZ DIAZ then grabbed her bag and attempted to unbuckle her seatbelt. Defendant Benavides then grabbed left her leg.

48: When Plaintiff RODRIGUEZ DIAZ pushed Defendant BENAVIDES' hand away, he grabbed her face and tried to kiss her.

49: Plaintiff RODRIGUEZ DIAZ then pushed Defendant BENAVIDES' hand away, then pushed him away, grabbed her bookbag, and getting out of the car.

50: Thereafter, Defendant BENAVIDES changed the way treated Plaintiff RODRIGUEZ DIAZ including but not limited to repeatedly telling her to quit, cutting her hours, changing her scheduled, and blaming her for not selling enough food during her shift.

51: On or about January 25, 2020, as Defendant BENAVIDES paid Plaintiff RODRIGUEZ DIAZ, he again pressured her to quit, eventually telling her to leave.

52: On or about January 27, 2020, Plaintiff RODRIGUEZ DIAZ showed up to work but someone else was already working the register.

53: Defendant BENAVIDES then refused to pay Plaintiff RODRIGUEZ DIAZ for her last week of employment or give her a W-2 unless she signs a "document" first, which upon

information and belief includes a waiver of claims. On or about February 7, 2020, a co-worker advised Plaintiff RODRIGUEZ DIAZ that she can personally pick up her last paycheck and W-2 from the restaurant. Defendants denied Plaintiff RODRIGUEZ DIAZ' request to give her last paycheck and W-2 to another co-worker that would then give it to her so she would not have to go back to the workplace.

### AS AND FOR A FIRST CAUSE OF ACTION
### Violation of the Minimum Wage Provisions of the FLSA

54: Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 32 of this Complaint.

55: Defendants failed to pay the applicable minimum hourly rate in violation of 29 U.S.C. § 206(a).

56: Defendants failed to pay the applicable minimum hourly rate in willful violation of 29 U.S.C. § 255(a).

57: Plaintiffs have been damaged in an amount to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION
### Violation of the Overtime Provisions of the FLSA

58: Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 36 of this Complaint.

59: Defendants failed to pay plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

60: Defendants' failure to pay plaintiff overtime compensation was willful within the meaning of 29 U.S.C. §255(a).

61: Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
**Violation of the Minimum Wage Provisions of the New York State Labor Law**

62: Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 40 of this Complaint.

63: Defendants willfully failed to pay plaintiff the applicable minimum hourly rate, in violation of the NYLL as well as 12 NYCRR §146-1.2 and formally 12 NYCRR §137-1.2.

64: Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
**Violation of the Overtime Provisions of the New York State Labor Law**

65: Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 43 of this Complaint.

66: Defendants willfully failed to pay plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, in violation of the NYLL as well as 12 NYCRR §146-1.4 and formally 12 NYCRR §137-1.3.

67: Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION
**Violation of the Spread of Hours Pay Provisions of the New York State Labor Law**

68:  Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 46 of this Complaint.

69: Defendants willfully failed to pay plaintiff an additional one hour's pay for the days in which plaintiff worked more than 10 hours in violation of the NYLL as well as 12 NYCRR §146-1.6 and formally 12 NYCRR §§137-1.7 and 137-3.11.

70: Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Violation of the Illegal Deductions Provisions of the New York State Labor Law

71: Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 49 of this Complaint.

72: Defendants willfully deducted wages that are not permitted under NYLL § 193 in violation of the NYLL.

73: Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### Violation of New York Labor Law (wage notice and statement)

74: Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

75: At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

76: At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiffs are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b).

77: At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d)

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**For Discrimination Under the NYCHRL**

78: Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

79: The Administrative Code of City of NY § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

80: Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions which created a hostile work environment for Plaintiff because of her race, national origin and ethnicity

**AS AND FOR A NINTH CAUSE OF ACTION**
**For Discrimination Under the NYCHRL**

81: Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

82: New York City Administrative Code Title 8-107(13) **Employer liability** for discriminatory conduct by employee, agent or independent contractor.

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the

      conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        i. the employee or agent exercised managerial or supervisory responsibility; or

        ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

        iii. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct

83: Defendant violated the section cited herein as set forth.

## JURY DEMAND

84: Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those who opt-in to this action respectfully request

that this Court grant the following relief:

    A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated employees, (e.g. all employees that work or have worked in the Defendants' restaurants that were not paid minimum and overtime wages), apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

    B. Directing Defendants to compensate Plaintiffs and opt-in Plaintiffs for all hours worked;

    C. Directing Defendants to pay damages for the amount of unpaid minimum wages to Plaintiffs and opt-in Plaintiffs under the FLSA;

    D. Directing Defendants to pay damages for the amount of unpaid overtime wages to Plaintiffs and opt-in Plaintiffs under the FLSA;

    E. Directing Defendants to pay liquidated damages to Plaintiffs and opt-in Plaintiffs pursuant to 29 U.S.C. §216(b);

    F. Directing Defendants to pay damages for the amount of unpaid minimum wages to Plaintiffs and opt-in Plaintiffs under the NYLL;

    G. Directing Defendants to pay damages for the amount of unpaid overtime wages to plaintiff under the NYLL;

    H. Directing Defendants to pay damages for unpaid spread of hours wages to plaintiff s and opt-in Plaintiffs under the NYLL;

    I. Directing Defendants to pay damages for illegal deductions to the Plaintiffs and opt-in Plaintiffs under the NYLL;

J. Directing Defendants to pay liquidated damages to Plaintiffs and opt-in Plaintiffs under the NYLL;

K. Directing Defendants to pay pre-judgment interest to Plaintiffs and opt-in Plaintiffs;

L. Awarding Plaintiffs and opt-in Plaintiffs the costs of this action together with reasonable attorneys' fees;

M. Declaring that Defendants engaged in unlawful employment practices prohibited by the New York City Human Rights Law by discriminating against Plaintiff solely on the basis of her gender;

N. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

O. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

P. Awarding Plaintiff punitive damages; and,

Q. Granting such other and further relief as this Court deems necessary and proper.

Dated: Jackson Heights, New York
March 19, 2020

Respectfully submitted,

/s/ Emiliano Perez
Emiliano Perez, Esq.
LAW OFFICE OF EMILIANO PEREZ
3728 75th Street, Suite 1D
Jackson Heights, NY 11372

 (718) 440-9214

<u>/s/ Jesse Rose</u>
Jesse Rose, Esq.
THE ROSE LAW GROUP
31-09 Newtown Avenue, Suite 309
Astoria, NY 11102
 (718) 989-1864

*Attorneys for Plaintiffs*