**The Rose Law Group, PLLC**
Attorneys at Law

Jesse C. Rose, Esq.
JRose@TheRoseLawGroup.com
31-09 Newtown Avenue, Suite 309, Astoria, New York 11102
Direct: (718) 989-1864  Fax: (917) 831-4595
www.TheRoseLawGroup.com

December 4, 2020

<u>Via ECF</u>
Hon. Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York

Re: <u>Diaz v. Presto Fresh Café Corp. et al</u>
<u>Case No.: 20-cv-2432(MKV)</u>

Dear Judge Vyskocil:

We are the attorneys for the Parties in this matter and write jointly to seek approval of the parties' agreement to settle Plaintiffs Katherine Rodriguez Diaz, Salin Solis, and Eleazar Gonzalez Morales ("Plaintiffs") claims for unpaid minimum wage and overtime. This letter is being submitted as a Request for Approval of Settlement and addresses all relevant issues to settlement. Based upon the information provided herein, the Parties respectfully request that the settlement agreement (attached as Exhibit A) be approved and that Plaintiffs' Complaint, as it relates to wage and hour claims, against the Defendants be dismissed with prejudice.

### INTRODUCTION

This action is filed under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §201, *et seq.*, and the New York Labor Law (the "NYLL") Articles 6 & 19. Plaintiffs allege that Defendants paid only straight time for all hours worked and did not provide the overtime premium of time and a half for hours worked over forty (40) each week. Defendants deny these claims and deny that any liability is owed to the Plaintiffs for unpaid wages in any form.

### POTENTIAL DAMAGES

Plaintiff Diaz alleged that she was required to work approximately forty-three hours and forty-five minutes a week at $13.50 per hour and without overtime compensation. Plaintiffs estimated her total base damages to be approximately $5,025.00.

Plaintiff Solis worked approximately sixty-six hours each week but was only compensated until 9:00 PM, leaving approximately twelve hours each week unpaid. Plaintiffs estimate his total base damages to be approximately $39,020.00.

Plaintiff Morales worked approximately sixty hours each week but was only compensated until 9:00 PM, leaving approximately six hours each week unpaid. Plaintiffs estimate his total base damages to be approximately $34,282.00.

None of these estimates included liquidated damages or interest. They did include the time and a half overtime premium and minimum wage for each year.

Defendants' maintain the position that Plaintiffs were paid for all hours worked, including all overtime, and received greater than the minimum wage for all hours worked. Defendants, if able to prove their defenses, would have no liability.

By settling now Plaintiffs are avoiding the possibility of losing potential damages on their wage and hour claims, being unable to prove a willful violation, or possibly recovering nothing at all if unable to prove liability. Defendants avoid incurring additional attorneys' fees and costs of litigation. Defendants also avoid the potential for a negative judgment and damages held against them if Plaintiffs are able to prove liability.

## THE PROPOSED SETTLEMENT

The Parties have negotiated a settlement of $36,000 total to be paid by Defendants in order to settle the FLSA claims asserted by the Parties. Each Plaintiff's share was determined by assigning a percentage of the total received and ensuring that from each payment they would receive that percentage after costs are repaid to Attorneys. Plaintiff Diaz will receive $183.94 initially and $55.33 each month for thirty-one (31) months thereafter for a total of $1,899.17. Plaintiff Morales will receive $957.32 initially and $288.00 each month for thirty-one (31) months thereafter for a total of $9,885.32. Plaintiff Solis will receive $1,074.77 initially and $323.33 each month for thirty-one (31) months thereafter for a total of $11,098.00. The Attorneys will receive 1/3 of the settlement and be repaid the $1,675.95 paid for costs during the litigation.

## ARGUMENT

### The Proposed Settlement Should Be Approved

When parties settle FLSA claims with prejudice, the settlement must be approved by a district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

"Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *Clark v. Ecolab Inc.*, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). "If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Kochilas v. Nt'l Merchant Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Meigel v. Flowers of the World, NYC, Inc.*, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012). In addition,

> [i]n determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement

2

agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation and quotation marks omitted).

*First*, Plaintiffs' total recovery of $1,539.70, $10,504.27, and $11,956.03 each with a limited waiver of their right to sue the Defendants is significantly more than what they could obtain if Defendants' calculations and records are proven or if they are driven to bankruptcy.

*Second*, by settling now, Plaintiffs are able to get paid now rather than waiting for litigation to proceed and potentially prevail for a significantly lower amount.

*Third*, the settlement agreement here is the product of arm's-length negotiation between experienced counsel, each of whom vigorously represented their respective clients' interests. *See, e.g., Willix v. Healthfirst, Inc.*, 2011 WL 754862, at *3 (E.D.N.Y. Feb. 18, 2011). Specifically, the amount Plaintiffs will receive is based on a compromise between Defendants' damages calculation and Plaintiffs' damages calculations.

*Fourth*, there has been no fraud or collusion here. No party has been promised or is receiving anything more than what is set forth in the settlement agreement. The compromise is reasonable for Plaintiffs who want this settlement to be approved.

*Fifth*, there is no confidentiality clause and the settlement agreement is being posted on PACER, making it a public document.

### A. Plaintiff's Attorneys' Fees and Expenses Should be Granted

Under Plaintiff's agreement with counsel, the Law Office of Emiliano Perez and The Rose Law Group, PLLC is entitled to one third (1/3) of all recovery, an amount that has regularly been approved in the Southern District. Plaintiffs expended a total of $400.00 for filing, $1,100 for mediation, and $175.95 for service costs. Exhibit B, Receipts. The hourly rate used by Plaintiffs' counsel in the attached summary of hours spent is justified based on the hourly rates typically approved in this district for attorneys with similar levels of experience and practice.

Jesse Rose of The Rose Law Group, PLLC has significant experience litigating employment law cases, including more than ninety-eight (98) in his career where he has appeared, mostly as the primary counsel, in the Eastern District of New York and more than one hundred and fifteen (115) where he has appeared, mostly as the primary counsel, in the Southern District of New York. He has successfully argued before the Second Circuit, reversing decisions for two clients in discrimination cases. See *Allen v. City of N.Y.*, 695 F. App'x 614 (2d Cir. 2017); *Lawson v. Homenuk*, 710 F. App'x 460 (2d Cir. 2017). He has served as lead counsel in trials in both the Eastern and Southern Districts which resulted in jury verdicts favorable to his clients. See *Lashley v. New Life Business Institute, Inc. et al*, 13-cv-02683 (BMC) (closed 3/9/15); *Echevarria v. Insight Med., P.C.*, 72 F. Supp. 3d 442 (S.D.N.Y. 2014). These cases do not include the dozens of cases litigated before State Courts, agencies, administrative courts, arbitrations, and those cases which have settled during the EEOC's investigation and ADR processes. He served as lead counsel in trials in State Court resulting in millions of dollars awarded to his clients in wage and hour, breach

of contract, and complex corporate cases. See *Perez v. Franco et al*, Index No. 709031/2016 (Queens Supreme Court) ($172,000 verdict returned by Jury in wage and hour case); *Iqbal et al v. Kumar et al*, Index No. 3124/2014 (Nassau County Supreme Court) (verdict returned in plaintiffs' favor for over $1,500,000.00 in total for fraud and breach of contract); *Garas v. Mitsios et al*, Index No. 20657/2012 (Queens Supreme Court) ($414,494.59 judgment obtained for plaintiff in unpaid contract trial). There are dozens of summary judgment decisions filed and decided in favor of clients represented by Mr. Rose. In his career, Mr. Rose has supervised attorneys, support staff, and interns at various times since 2008 when working at Valli Kane and Vagnini, LLP. In 2011, Mr. Rose started his own practice, now The Rose Law Group, PLLC, and since has worked with various partners and as of-counsel to Derek Smith Law Group; Phillips & Associates; Pervez & Rehman, PC; The Law Office of David H. Rosenberg, PC, The Law Offices of Emiliano Perez, Conde & Glaser LLP, and Picerno & Associates. Each of these firms has contracted with Mr. Rose to provide lead attorney services for their clients in recognition of his experience and ability in employment and complex litigation. While The Rose Law Group, PLLC is a small firm, its work with other firms which ask him to act as lead and trial counsel in employment and complex litigation cases supports a finding that he should be considered for the highest hourly rate in the Southern District. Mr. Rose is recognized by Super Lawyers as a Rising Star each year since 2013 through 2019. He has been named as a Top 40 Under 40 by The American Society of Legal Advocates each of the last four years. He is a respected and accomplished attorney with sufficient experience to command a high level of hourly pay in this district. The range of fees for employment counsel in FLSA cases is between $300-$400 in the Eastern District. See *Alvarez v. Sterling Portfolio Inv. L.P.*, 2017 U.S. Dist. LEXIS 206043, at *20 (E.D.N.Y. Dec. 13, 2017) (collecting cases). Based on this, an hourly rate of $400.00, his regular rate, should be approved.

Emiliano Perez is admitted to the New York State Bar as well as the Eastern and Southern Districts of New York of the United States District Courts. He is the second Vice President of the Latino Lawyers Association of Queens County. He is also a member of the New York State Trial Lawyers Association. Mr. Perez has been selected to the 2019 New York metro rising stars list and the 2020 Super Lawyers list. He has been practicing law for 11 years, including six (6) years in the area of wage and hour litigation, including collective actions. Based on this, an hourly rate of $350.00, his regular rate, should be approved.

It is respectfully requested that the hourly rate presented is reasonable, although not relevant to the award of fees which should include the amount agreed to by Plaintiffs in their retainer and in the attached Settlement Agreement.

The total fee sought is $11,999.99. The total hours expended was 27.3 by Jesse Rose and 21.71 by Emiliano Perez based on the contemporaneous records summarized in the attached invoices. Exhibit C, Hours Performed by The Rose Law Group, PLLC; Exhibit D, Hours performed by Emiliano Perez, Esq.. Using a rate of $400.00 per hour for Jesse Rose and $350.00 per hour for Emiliano Perez, this would have required Plaintiffs to pay $9,720 for Jesse Rose and $7,598.50 for Emiliano Perez up front, with no guarantee of success. Instead, they opted for a contingency fee which permitted them to hire experienced and competent counsel without an outlay of fees. Plaintiffs believe the attorney fee award is reasonable because it is (1) fair and based on a contract entered into by the Plaintiffs which provides for a contingency fee in lieu of having paid on an hourly basis, (2) because Plaintiffs' counsel takes almost all cases on a contingency basis and having cases which pay more than an hourly rate permit the firm to take cases which are

more difficult and less likely to pay out, and (3) because the total amount recovered by Plaintiffs is approximately the same as their base damages under their best case scenario. See *Mendez v. QL Wholesome Food, Inc.*, 2018 U.S. Dist. LEXIS 58570, at *3-4 (S.D.N.Y. Apr. 4, 2018) ("While the lodestar calculation is significantly lower than one-third of the overall settlement, 'one-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases.'") [internal citations omitted]; *Pinguil v. We Are All Frank, Inc.*, 2018 U.S. Dist. LEXIS 88339, at *15 (S.D.N.Y. May 21, 2018) (33 1/3% awarded even though lodestar was almost half); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.") (citing *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013). This agreement should be approved expeditiously so that Plaintiffs can collect the moneys owed to them under the attached Settlement Agreement.

## CONCLUSION

For all the foregoing reasons, the settlement should be approved in its entirety. Should Your Honor require any additional information, the parties are available at your convenience.

Dated: December 4, 2020

/s/ Jesse C. Rose
Jesse C. Rose
Attorney for Plaintiffs

Dated: December 4, 2020

/s/Emiliano Perez
Emiliano Perez
Attorney for Plaintiffs

Dated: December 4, 2020

/s/John Byrnes
John Byrnes, Esq.
Attorney for Defendants