UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KATHERINE RODRIGUEZ DIAZ, SALIN SOLIS, and
ELEAZAR GONZALEZ MORALES, on behalf of
themselves and others similarly situated,

                 Plaintiffs,

       -against-

PRESTO FRESH CAFÉ CORP. d/b/a
PRESTO FRESH CAFÉ,
PRESTO FRESH MEXICAN GRILL CORP. d/b/a
PRESTO FRESH MEXICAN GRILL, and
EDWIN BENAVIDES

                 Defendants.
------------------------------------------------------------------------X

Case No.: 20-cv-2432 (MKV)

## STIPULATION OF SETTLEMENT AND RELEASE AGREEMENT

This Stipulation of Settlement and Release Agreement ("Agreement") is entered into by between KATHERINE RODRIGUEZ DIAZ, SALIN SOLIS, and ELEAZAR GONZALEZ MORALES ("Plaintiffs"), and PRESTO FRESH CAFÉ CORP. d/b/a PRESTO FRESH CAFÉ, PRESTO FRESH MEXICAN GRILL CORP. d/b/a PRESTO FRESH MEXICAN GRILL ("Presto Fresh"), and EDWIN BENAVIDES, (collectively referred to herein as "Defendants") (Plaintiffs and Defendants may from time to time be referred to herein individually as "Party" or collectively as the "Parties").

## RECITALS AND BACKGROUND

**WHEREAS,** on April 7, 2020, the Plaintiffs filed a Complaint in the United States District Court for the Southern District of New York ("SDNY") against Defendants under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the New York City Human Rights Law ("NYCHRL") alleging, among other things, that Defendants failed to pay the applicable minimum wage, failed to pay wages and overtime, failed to pay spread of hours payments, made unlawful deductions from wage payments, withheld wages, and failed to provide required wage notices and statements; Case No.: 20-cv-2432 (MKV) ("Civil Action");

**WHEREAS,** Plaintiffs and Defendants seek to amicably resolve any and all matters in controversy, disputes, causes of action, claims, contentions, and differences between them with regard to Plaintiffs' claims in the Civil Action, and the Parties *bona fide* dispute regarding same;

**WHEREAS,** Defendants deny and continue to deny each and every one of the allegations made by Plaintiffs in the Civil Action, and have denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Civil

Action, or otherwise. Notwithstanding the foregoing, and without admitting or conceding any liability or damages whatsoever, Defendants have agreed to enter into this settlement on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing the Civil Action;

**WHEREAS,** the purpose of this Agreement is to settle fully and finally all claims Plaintiffs could have asserted under the FLSA, NYLL, and/or NYCHRL against Defendants, including all claims actually asserted in the Civil Action, in order to avoid the burden, expense and uncertainty of continuing the Civil Action;

**WHEREAS,** Plaintiffs, in consultation with their attorneys, Law Office of Emiliano Perez, 7827 37th Avenue, Ste 4, Jackson Heights, NY 11372 (hereinafter referred to as "Counsel for Plaintiffs") have analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement, and based upon such analysis and evaluation, and recognizing the substantial risks of continued litigation, including the possibility that the FLSA, NYLL, and NYCHRL claims within the Civil Action, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiffs are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in their best interest;

**WHEREAS,** Defendants, in consultation with their attorneys, Milber Makris Plousadis & Seiden, LLP, 1000 Woodbury Road, Suite 402, Woodbury, New York 11797, (referred to herein as "Counsel for Defendants"), have analyzed and evaluated the merits of the claims made against them, their defenses, and the impact of this Agreement, and based upon such analysis and evaluation, and recognizing the substantial risks of continued litigation, including the possibility that the FLSA, NYLL, and NYCHRL claims within the Civil Action, if not settled now, might result in an outcome less favorable to them, and Defendants are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in their best interest;

**NOW, THEREFORE,** in consideration for the sums as outlined below, Plaintiffs and Defendants have reached a full and final compromise and settlement of any and all matters in controversy, and hereby agree as follows:

1. **NO ADMISSION OF LIABILITY:** The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or to anyone else as a result of, or growing out of, the matters set forth in the Civil Action, including, but not limited to, the Causes of Action asserted in the Complaint filed on April 7, 2020, SDNY Case No.: 20-cv-2432 (MKV) ("Complaint"), or which could have been raised in a lawsuit, or which otherwise involve Plaintiffs' employment relationship with Defendants as governed by the FLSA, NYLL, and NYCHRL.

2. **RELEASE:** In consideration for the payment called for herein, the Plaintiffs, and each of their respective heirs, executors, administrators, agents, successors, and assigns do hereby completely, irrevocably, and unconditionally release and forever discharge the Defendants, including as to each entity, their present and former: parent organizations, affiliate organizations, subsidiary organizations, divisions, owners, shareholders, trustees, directors, members, officers,

managers, employees, agents, insurers (including, but not limited to, Erie Insurance Group and Erie Insurance Company), attorneys (including, but not limited to, Milber Makris Plousadis & Seiden, LLP), employee benefit plans and the plan administrators and trustees (whether in their individual or official capacities) of such plans, and with respect to each of the foregoing their heirs, executors, administrators, successors and assigns (all of which are hereinafter referred to collectively as the "Releasees"); of and from all of the claims and allegations, relating to wage and hour claims only**,** set forth in the Civil Action and/or the Causes of Action of the Complaint filed therein, or which otherwise could have been raised by any of the Plaintiffs based upon the allegations set forth in the Civil Action from the beginning of time up to the Effective Date of this Agreement. This release specifically includes, but is not limited to: i) all potential claims for wage and hour violations under federal, state and/or local law, including, but not limited to, the New York State Labor Laws, the New York Wage Theft Prevention Act, the New York Minimum Wage Act, the New York Codes, Rules and Regulations, the New York Miscellaneous Industries Wage Order, and/or the Fair Labor Standards Act (each as amended); and ii) all claims for unpaid overtime, back pay, improper deductions, travel time, spread of hours pay, split-shift pay, accrued benefit time, liquidated damages, attorneys-fees and costs, wage-related penalties (including any civil penalties associated with the alleged failure to comply with NYLL § 195 *et. seq.)* bonuses, expense reimbursements, severance pay, gratuities, tip credits, tip allowances, service charges, retained gratuities, related to the Plaintiffs' employment with Presto Fresh, and/or their association with the Presto Fresh Releasees.

3. **AGENCY INVESTIGATIONS.** The Parties acknowledge and agree that nothing in this Agreement shall be construed to limit any Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. However, Plaintiffs agree that if any such claim is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies based upon claims they have otherwise waived or released herein.

4. **CLASS & COLLECTIVE ACTIONS.** Plaintiffs each agree that with regard to any class or collective actions, that regardless of their potential participation in same, they may not recover any individual monetary relief or individual remedies based on claims they have otherwise waived or released herein. Plaintiffs each agree further that they may not participate in any class or collective action for which the claims are based solely upon claims or allegations that have otherwise been waived or released herein.

5. **DISMISSAL OF THE CIVIL ACTION:** Plaintiffs further understand and agree that this Agreement and the promises made by Defendants herein are made conditionally and contingent upon Defendants' receipt of: (i) this Agreement fully executed by Plaintiffs; (ii) an Order of the SDNY approving this Agreement; and (iii) an Order of the SDNY dismissing the Civil Action in its entirety with prejudice. Notwithstanding the foregoing, the Parties agree that the Court in the Civil Action shall retain jurisdiction over this agreement up and until dismissal of the Civil Action. Any dispute between the Parties regarding this Agreement following dismissal of the Civil Action may be submitted to any court of competent jurisdiction in accordance with the other provisions herein.

6. **PAYMENT:** In consideration for the full release and all other promises made by Plaintiffs herein, and in full and final satisfaction of these matters, Defendants agree to pay

Plaintiffs the sum of **$36,000.00 (Thirty-Six Thousand Dollars and Zero Cents)** ("Settlement Amount"), as follows:

        A)       Defendants' insurance carrier shall issue the following:

One (1) gross check shall be issued to "**The Law Office of Emiliano Perez, as Attorney,** " in the amount of **Five Thousand Dollars ($5,000)** from which no taxes, withholdings, or deductions shall be removed**. The proceeds of this check shall be disbursed as follows:**

1. The Law Office of Emiliano Perez: One thousand six hundred twenty-nine dollars and ninety-six cents ($1,629.96);
2. The Rose Law Group, PLLC: One thousand one hundred fifty-four dollars and one cent $1,154.01;
3. Katherine Rodriguez Diaz: One hundred eighty-three dollars and ninety-four cents ($183.94);
4. Eleazar Gonzalez Morales: None hundred fifty-seven dollars and thirty-two cents ($957.32); and
5. Salin Solis: One thousand seventy-four dollars and seventy-seven cents ($1,074.77).

        B)       Defendants shall issue the remainder of the Settlement Amount to Plaintiffs by making monthly installment payments over the Course of **thirty-one (31) months each payment consisting four (4) checks**. The installments shall break down as follows:

1. One check payable to Emiliano Perez, Esq. in the amount of $333.34;

2. One check payable to Katherine Rodriguez Diaz in the amount of $55.33

3. One check payable to Eleazar Gonzalez Morales in the amount of $288.00; and

4. One check payable to Salin Solis in the amount of $323.33.

        C)       The payments from Defendants' insurance carrier and the initial installment payment from the Defendants shall be made within thirty (30) days after their receipt of: (i) this Agreement, fully executed by Plaintiffs; (ii) a fully-executed IRS Form W-4 for Plaintiff Katherine Rodriguez Diaz, (iii) a fully executed IRS Form W-9 for each plaintiff; (iv) a fully-executed IRS Form W-9 for both The Law Office of Emiliano Perez and The Rose Law Group, PLLC; (v) an Order from the SDNY approving this Agreement in its entirety; (vi) an Order from the SDNY dismissing the Civil Action in its entirety with prejudice. Defendants shall issue the remaining installment payments once per month thereafter, no later than the same day of the month on which the first payment is due.

        D)       IRS Form W-2s and 1099s shall be issued, as applicable and in accordance with IRS regulations, to Plaintiffs and/or Counsel for Plaintiffs with regard to the various portions and installments of the Settlement Amount set forth herein.

        E)       The Settlement Amount shall be delivered by mailing the checks referenced herein by certified mail, return receipt requested to Counsel for Plaintiff: Emiliano Perez, Esq., Law Office of Emiliano Perez, 7827 37th Avenue, Ste 4, Jackson Heights, NY 11372, provided

that the Plaintiffs may elect to receive the monthly installment payments from Defendants via direct deposit.

   F) <u>Mailing Disclaimer.</u> Without releasing the Presto Fresh Releasees from their ultimate obligation to ensure the Settlement Amount is delivered to and received by Counsel for Plaintiff, Defendant will be considered to have fulfilled its obligations regarding the deadline for issuance of the Settlement Amount, as contemplated herein, by submitting the payments referenced in this section to either the custody and control of a United States Postal Service employee, a United States Postal Service Mailbox, or any other receptacle authorized for receipt of United States Postal Service Mail, on or before deadline for issuance of the Settlement Amount as contemplated by this section. The Parties agree that any delay in delivery of the Settlement Amount that is caused by, or may be attributed in whole or in part to any act or omission of the United States Postal Service or other mail carrier, shall toll the deadline for issuance of the Settlement Amount, and shall not be considered a breach of this agreement on behalf of the Presto Fresh Releasees in any way.

  7. **NO OTHER PAYMENTS OR BENEFITS DUE AND OWING:** Plaintiffs hereby acknowledge and agree that with regard to their claims for wages and/or overtime against Defendants, including, but not limited to, the claims for wages and overtime alleged in the Civil Action, that other than the Settlement Amount as set forth herein, no other amounts, wages, or wage-related payments of any kind are owed to them by Defendants. Plaintiffs acknowledge and agree that the Settlement Amount is in excess of any amount Defendants are or may be obligated to provide to Plaintiffs, or that would normally be provided to Plaintiffs upon the resignation, termination and/or separation of their employment, and that it is being provided solely in consideration of Plaintiffs' signing this Agreement and the mutual promises, covenants and agreements set forth herein.

  8. **INCOME TAXATION:** Defendants make no representations or warranties regarding any tax issues relating to the payment of the Settlement Amount. Plaintiffs hereby acknowledge that they have not relied upon any advice from Defendants or Defendants' agents, employees, attorneys, or representatives, concerning the taxability of the amounts to be paid under this Agreement or otherwise. In the event that taxes are assessed against Plaintiffs as a result of the payment made hereunder, Plaintiffs shall be solely responsible for the payment of such taxes, interest and/or penalties as may be assessed against their for federal, state and local income taxes and unemployment taxes and to the extent permitted by law including the FLSA, and shall indemnify and hold Defendants including their insurers, harmless for any such liability, interest or penalties related thereto.

   A) <u>Interpretation of this Agreement by Taxing Authorities</u>: As the respective portions of the Settlement amount being paid by W-2 and 1099 were negotiated by the Parties, in the event the IRS or any other taxing authority or governmental agency (whether federal, state or local) makes a determination that the Defendants should have removed any additional or greater amount(s) of taxes, withholdings, and/or deductions from the Settlement Amount, or any portion thereof, prior to submitting same to the Plaintiffs, the Plaintiffs agree to reimburse, indemnify, and hold harmless the Defendants for such amounts, and the Parties agree to evenly split the cost of any penalties associated therewith.

9. **NO OTHER CLAIMS:** Plaintiffs represent and warrant that, other than the Civil Action, and the Causes of Action in the Complaint filed therein, they have not filed and are not currently a party to any other complaints, actions, charges, or otherwise, either formal or informal, against Defendants and/or the Releasees with any other local, state, or federal agency or court.

10. **NO ASSIGNMENT OF BENEFITS:** Plaintiffs acknowledge that they have not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

11. **MEDICARE RELEASE.** This settlement is based upon a good faith determination of the Parties to resolve a disputed claim. The Parties have attempted to resolve this matter in compliance with both state and federal law, and it is believed that the settlement terms adequately consider and protect Medicare's interest and do not reflect any attempt to shift responsibility of past or future medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b).

The Parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services ("CMS") on this settlement, or Plaintiffs' eligibility or entitlement to Medicare or Medicare benefits, will not render this release void or ineffective, or in any way affect the finality of this liability settlement.

Plaintiffs represent and warrant that they are not currently Medicare beneficiaries nor within thirty (30) months of becoming a Medicare beneficiary; are not 65 years of age or older; are not suffering from end stage renal failure or amyotrophic lateral sclerosis; have not received Social Security benefits for 24 months or longer; and have not applied for Social Security benefits, and/or have not been denied Social Security disability benefits and appealing the denial.

Because Plaintiffs are not Medicare beneficiaries as of the date of this release, no conditional payments have been made by Medicare.

Further, because Plaintiffs are not expected to become Medicare beneficiary within thirty (30) months from the date of this release, no funds have been allocated for future incident-related medical treatments.

In the event that any of the above information provided by Plaintiffs is false or in any way incorrect, Plaintiffs shall be liable for any and all actions, causes of actions, penalties, claims, costs, services, compensation or the like resulting from these inaccuracies. Plaintiffs acknowledge that Medicare may require Plaintiffs to exhaust the entire settlement proceeds on future Medicare-covered incident-related medical expenses should they become a Medicare beneficiary within thirty (30) months from the date of this release.

Plaintiffs specifically waive any claims for damages against the Presto Fresh Releasees, including a private cause of action provided in 42 U.S.C. § 1395y(b)(3)(A), should Medicare deny coverage for any reason, including the failure to establish a set aside allocation of the settlement proceeds to protect Medicare's interest. Plaintiffs, in accord with this release, agree that any and all applicable medical and other liens related to this claim or lawsuit are to be paid out of the settlement proceeds, and that Medicare conditional payments and any other liens related to the Civil Action or this claim are to be paid out of the settlement proceeds, and that Medicare conditional payments and any other lien claims are the sole responsibility of Plaintiffs, with

nothing further to be sought from the Presto Fresh Releasees. In the event that this information is false or in any way incorrect, Plaintiffs expressly warrant and agree that said Medical conditional payments and liens will be their sole responsibility and will be paid from these settlement proceeds with nothing further to be sought from the Presto Fresh Releasees.

Plaintiffs agree to fully indemnify, defend and hold the Presto Fresh Releasees harmless from any and all claims, liens and rights to payment, known or unknown, including but not limited to, penalties, Medicare conditional payments, liens, demands, and actions in law or equity arising out of the 42 U.S.C. § 1395y(b)(3)(A), including but not limited to, failure to satisfy all Medicare conditional payments or other liens and any action by CMS alleging that Medicare's interests were not considered in this settlement.

12. **NONDISPARAGEMENT:** Plaintiffs and Edwin Benavides, as individuals, and Defendant Presto Fresh on behalf of its owners, managers, directors, and all others responsible for official communication, further agree that neither they nor anyone at their direction shall take, support, encourage, induce or voluntarily participate in any action or attempted action that would negatively comment on, disparage or call into question the business operations, policies or conduct of the other, or to act in any way with respect to such each other's character, business operations, policies or conduct that would likely damage the other's reputation, business relationships or present or future business. For the purposes of this Agreement, the term "disparage" includes, without limitation, comments or statements to the press and/or media, as well as to persons and entities with whom the other has a personal, business or charitable relationship, which would adversely affect the other. This provision does not apply to truthful statements compelled by law; however, if the disclosing party is served with a subpoena or some other compulsory legal process that the disclosing party or their attorney believes will oblige them to provide any such assistance, aid, or advice in a manner that would otherwise be prohibited by this Agreement, this provision will apply. Prior to providing any such assistance, aid, or advice, within three (3) business days of receipt of such subpoena or other process, the disclosing party agrees to notify the non-disclosing party by providing a copy of the subpoena or other process by both email and mail to their counsel as set forth below:

- Presto Fresh's Counsel: Milber Makris Plousadis & Seiden, LLP, 1000 Woodbury Road, Suite 402, Woodbury, New York 11797, egorman@milbermakris.com, Attention: Elizabeth Gorman, Esq.;
- Plaintiff's Counsel: Law Office of Emiliano Perez, 7827 37th Avenue, Ste 4, Jackson Heights, NY 11372, EPerezLaw@hotmail.com, Attention: Emiliano Perez, Esq.

Plaintiffs, Edwin Benavides, and Presto Fresh agree that they shall not themselves, and/or they shall not direct any person or entity, including but not limited to Presto Fresh's present or former employees, and/or Plaintiff's present or former employees/employers, make/to make, publish, and/or disseminate to the press, to any third party, and/or to the World Wide Web, any negative or disparaging oral or written statements about the other Party.

13. **GOVERNING LAW:** The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws.

14. **ENTIRE AGREEMENT:** The Parties acknowledge that, in making this Agreement, they relied entirely upon their own judgment, belief, interests, and the advice of their counsel. The Parties acknowledge that, except as expressly set forth herein, no representations or promises of any kind or character have been made by any Party or Parties, their agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement between the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, between or among the Parties hereto concerning the subject matter hereof, except the representations, promises, covenants, and agreements set forth herein. This Agreement supersedes, cancels, and replaces any and all prior and/or contemporaneous negotiations and all agreements, arrangements or representations proposed or otherwise, written or oral, concerning the subject matter hereof.

15. **IMPORTANT ACKNOWLEDGEMENTS:** By signing this agreement:

    A) The Parties each affirm they have read this Agreement in its entirety;

    B) The Parties each understand the terms of this Agreement, and know that by executing it they are giving up important rights;

    C) The Parties each affirm that they are competent to enter into this Agreement and are not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired.

    D) The Parties have each been advised to consult with their attorneys prior to executing this Agreement, and represent and warrant that they have done so, or that they otherwise knowingly and voluntarily waive such right;

    E) The Parties have each signed this Agreement knowingly and voluntarily;

    F) The Parties each represent and warrant that they believe the attorneys' fees portion of the Settlement Amount to be fair and reasonable.

16. **BINDING NATURE OF AGREEMENT:** This Agreement is binding upon and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, executors, successors, assigns and legal representatives. It is expressly recognized that each of the Releasees is a beneficiary of this Agreement.

17. **ARMS' LENGTH TRANSACTION; MATERIALITY OF TERMS:** The parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth in this agreement are material to this agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

18. **NO CONSTRUCTION AGAINST DRAFTER:** This Agreement is the product of negotiation among Plaintiffs and Defendants and/or their respective counsel and shall be

deemed as having been prepared jointly by them. In interpreting the text of this Agreement, no presumption against the drafter of any provision shall be made.

19. **EFFECTIVE DATE:** This Agreement shall become effective upon approval by the United States District Court for the Southern District of New York.

20. **SEVERABILITY:** If any provision, subpart of any provision, phrase or clause herein is determined by a court of competent jurisdiction to be invalid or unenforceable, those provisions, subparts, phrases or clauses shall be considered limited and/or reduced in scope to the extent that they may remain legally enforceable. If unable to be limited in scope they shall be considered duly severable and removed from the agreement, such that the remaining provisions subparts, phrases and clauses shall continue in full force and effect.

21. **WAIVER:** No breach of any terms or provisions hereto will be deemed waived unless in writing. The waiver of any breach of any terms or provisions of this Agreement shall not be a waiver of any other breach of this Agreement. Failure of a Party to demand specific performance of any term or provision of this Agreement shall not preclude that Party from demanding future specific performance of the same term or provision.

22. **HEADINGS:** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

23. **NO MODIFICATION EXCEPT IN WRITING:** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extend set forth in such written waiver, modification, or amendment, subject to any required Court approval. Any failures by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

24. **MULTIPLE COUNTERPARTS:** The Parties agree that this Agreement can be signed in counterparts that all such counterparts, together, shall constitute one and the same legal instrument.

25. **EMAIL & FACSIMILE SIGNATURES:** The Parties further agree that photocopied, scanned, emailed, or facsimile signatures shall be deemed as effective as original signatures.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

IN WITNESS WHEREOF, the Parties hereto have executed, or caused their duly authorized officer to execute, this Agreement as of the day and year first written below.

_____                    _____
**KATHERINE RODRIGUEZ DIAZ**                           **Date**


_____                    _____
**SALIN SOLIS**                                        **Date**


_____                    _____
**ELEAZAR GONZALEZ MORALES**                           **Date**


_____                    _____
**EDWIN BENAVIDES**                                    **Date**

_____
On behalf of
**PRESTO FRESH CAFÉ CORP. d/b/a PRESTO FRESH CAFÉ**

_____                    _____
**Signature**                                          **Dated**

_____                    _____
**Print Name**                                         **Title**


_____
On behalf of
**PRESTO FRESH MEXICAN GRILL CORP. d/b/a PRESTO FRESH MEXICAN GRILL**

_____                    _____
**Signature**                                          **Dated**

_____                    _____
**Print Name**                                         **Title**

**[THIS IS THE END OF THE DOCUMENT.]**